# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| Alliance for Hippocratic Medicine, *et al.*, <br><br> *Plaintiffs-Appellees,* <br><br> v. <br><br> U.S. Food and Drug Administration, *et al.*, <br><br> *Defendants-Appellants,* <br><br> and <br><br> Danco Laboratories, LLC, <br><br> *Intervenor-Appellant.* | No. 23-10362 |

## DECLARATION OF ABIGAIL LONG

I, Abigail Long, declare under penalty of perjury as follows:

1. I am over the age of 18, am competent to testify as to the matters herein, and make this declaration based on my personal knowledge.

2. I am an employee of Danco Laboratories, LLC. Based on my position as Director of Marketing and Public Affairs at Danco, I have personal knowledge of the matters herein.

3. Danco is a small, privately held pharmaceutical company that holds the New Drug Application (NDA) for Mifeprex. As the sponsor of the NDA for Mifeprex, Danco has the right under the Federal Food, Drug, and Cosmetic Act to

1

market and distribute Mifeprex. Danco holds no other NDAs and does not do any other business other than marketing and distributing Mifeprex.

4. Danco has held the NDA and been responsible for the distribution of Mifeprex in the United States for over 20 years.

5. The District Court's ruling states that it is "staying" FDA's approval of Mifeprex under Section 705 of the APA. I am not aware of any circumstance in which a court has ever "stayed" FDA's approval of a pharmaceutical product. There is no statutory or regulatory guidance for us about what a judicial "stay" of FDA's approval means or what obligations it imposes on us or FDA. For example, there is no guidance about whether Mifeprex will remain in FDA's Orange Book as an approved drug.

6. The District Court's ruling also states that if the appeals court disagrees with the "stay" analysis, the District Court would have alternatively ordered Defendants to suspend Mifeprex's approval and all subsequent FDA actions that the Plaintiffs challenge until reaching a decision on the merits. I am not aware of any circumstance in which a court has ever suspended an FDA approval of a pharmaceutical product, and the District Court cited no authority for this alternative remedy. There is no statutory or regulatory guidance for us about what a judicial "suspension" of FDA's approval means or what obligations it imposes on us or FDA.

7.	From the time Danco acquired the rights to distribute and market Mifeprex, Danco has relied on the fact that Congress expressly granted pharmaceutical companies due process rights that generally apply before a pharmaceutical product can be withdrawn from the market.  Danco, like other pharmaceutical companies, relies on the fact that FDA cannot simply change its mind about a previous approval; it must invoke specific procedures to revoke a previously granted approval. *See* 21 U.S.C. § 355(e); 21 C.F.R. § 314.150.

8.	The District Court's order appears designed to preclude the distribution of mifepristone for the indeterminate amount of time between now and a final judgment on the merits.  My understanding is that both the "stay" and alternative "suspension" remedies give the Plaintiffs a greater remedy than would be available at the time of a judgment on the merits, even if that judgment were in Plaintiffs' favor, because the ordinary rules of administrative law require remand without vacatur.

9.	Innovation and investment in the pharmaceutical industry will be negatively impacted if courts can second-guess FDA's scientific judgment and negate long-existing approvals without first returning any identified issues to FDA for its consideration and without regard for companies' statutory rights.

10.	My understanding is that FDA's approval of Mifeprex as safe and effective is, and has been, under FDA's REMS authority since 2008.

11. Because Danco has only a single pharmaceutical product, if Danco is prevented from distributing its product, that will result in the effective closure of our business because Danco would no longer be generating any revenue.

12. If the approval of Mifeprex remains "stayed" or "suspended" pending appeal, the suppliers, manufacturers, distributors, and pharmacies associated with Mifeprex will also lack clarity on their obligations and responsibilities, given the unprecedented nature of the District Court's remedies. These suppliers, manufacturers, distributors, and pharmacies will be negatively impacted by the loss of business.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

April 9, 2023

*Abigail Long* (signed)