No. 23-10362

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

ALLIANCE FOR HIPPOCRATIC MEDICINE, ET AL.,

*Plaintiff-Appellees*,

*v.*

U.S. FOOD AND DRUG ADMINISTRATION, ET AL.,

*Defendants-Appellants.*

On Appeal from the United States District Court for the Northern District of Texas,
No. 2:22-cv-00223, Judge Matthew J. Kacsmaryk

**MOTION FOR LEAVE OF FORMER U.S. DEPARTMENT OF JUSTICE OFFICIALS TO FILE BRIEF AS *AMICI CURIAE* SUPPORTING APPELLANTS' MOTIONS TO STAY THE DISTRICT COURT RULING PENDING APPEAL**

ALAN SCHOENFELD
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

LAUREN IGE
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
(213) 443-5300

JOHN F. WALSH
COLLEEN M. CAMPBELL*
ARIELLE K. HERZBERG
DANIELLE L. HARTLEY
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1225 17th Street
Suite 2600
Denver, CO 80202
(720) 274-3135

DAVID M. LEHN
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 663-6000

* *Practice in Colorado temporarily authorized pending admission under C.R.C.P. 205.6*

April 11, 2023

## SUPPLEMENTAL STATEMENT OF INTERESTED PERSONS

*Alliance for Hippocratic Medicine, et al. v. U.S. Food and Drug Administration, et al.*

No. 23-10362

The undersigned counsel of record certifies that—in addition to the persons and entities listed in defendants-appellants' and intervenor-appellant's Certificates of Interested Persons—the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of this Court may evaluate possible disqualification or recusal.

### *Amici Curiae*

- Kent B. Alexander, U.S. Attorney, Northern District of Georgia (1994-1997)

- Donna A. Bucella, U.S. Attorney, Middle District of Florida (1999-2001)

- Leslie R. Caldwell, Assistant Attorney General for the Criminal Division, U.S. Department of Justice (2014-2017)

- Robert L. Capers, U.S. Attorney General, Eastern District of New York (2015-2017)

- Zachary W. Carter, U.S. Attorney, Eastern District of New York (1993-1999)

- Tristram Coffin, U.S. Attorney, District of Vermont (2009-2015)

- James M. Cole, Deputy Attorney General, U.S. Department of Justice (2011-2015)

- Michael W. Cotter, U.S. Attorney, District of Montana (2009-2017)

- Deirdre M. Daly, U.S. Attorney, District of Connecticut (2013-2017)

- Edward L. Dowd Jr., U.S. Attorney, Eastern District of Missouri (1993-1999)

- Paul J. Fishman, U.S. Attorney, District of New Jersey (2009-2017)

- Benjamin C. Glassman, U.S. Attorney, Southern District of Ohio (2016-2019)

- Booth Goodwin, U.S. Attorney, Southern District of West Virginia (2010-2015)

- Jamie S. Gorelick, Deputy Attorney General, U.S. Department of Justice (1994-1997)

- Melinda Haag, U.S. Attorney, Northern District of California (2010-2015)

- David Hickton, U.S. Attorney, Western District of Pennsylvania (2010-2016)

- Stephen L. Hill, Jr., U.S. Attorney, Western District of Missouri (1993-2001)

- Eric H. Holder, U.S. Attorney General, U.S. Department of Justice (2009-2015); Deputy Attorney General, U.S. Department of Justice (1997-2001); U.S. Attorney, District of Columbia (1993-1997)

- Dwight C. Holton, U.S. Attorney, District of Oregon (2010-2011)

- John Horn, U.S. Attorney, Northern District of Georgia (2015-2017)

- Jose de Jesus Rivera, U.S. Attorney, District of Arizona (1998-2000)

- Brendan V. Johnson, U.S. Attorney, District of South Dakota (2009-2015)

- Doug Jones, U.S. Attorney, Northern District of Alabama (1997-2001)

- Bill Killian, U.S. Attorney, Eastern District of Tennessee (2010-2015)

- Jim Lewis, U.S. Attorney, Central District of Illinois (2010-2016)

- Loretta E. Lynch, Attorney General of the United States, U.S. Department of Justice (2015-2017); U.S. Attorney, Eastern District of New York (1999-2002, 2010-2015)

- Kenneth Magidson, U.S. Attorney, Southern District of Texas (2011-2017)

- Jerry E. Martin, U.S. Attorney, Middle District of Tennessee (2010-2013)

- Mary B. McCord, Acting Assistant Attorney General for National Security, U.S. Department of Justice (2014-2017)

- Zane David Memeger, U.S. Attorney, Eastern District of Pennsylvania (2010-2016)

- Eric Miller, U.S. Attorney, District of Vermont (2015-2017)

- Thomas Monaghan, U.S. Attorney, District of Nebraska (1993-2001)

- Florence T. Nakakuni, U.S. Attorney, District of Hawaii (2009-2017)

- Bill Nettles, U.S. Attorney, District of South Carolina (2010-2016)

- Denise E. O'Donnell, U.S. Attorney, Western District of New York (1997-2001)

- David W. Ogden, Deputy Attorney General of the U.S., U.S. Department of Justice (2009-2010); Assistant Attorney General for Civil Division, U.S. Department of Justice (1999-2001)

- Wendy J. Olson, U.S. Attorney, District of Idaho (2010-2017)

- Carmen M. Ortiz, U.S. Attorney, District of Massachusetts (2009-2017)

- Timothy Q. Purdon, U.S. Attorney, District of North Dakota (2010-2015)

- Ripley Rand, U.S. Attorney, Middle District of North Carolina (2011-2017)

- Sarah R. Saldaña, U.S. Attorney, Northern District of Texas (2011-2014)

- Randy Seiler, U.S. Attorney, District of South Dakota (2015-2017)

- Donald K. Stern, U.S. Attorney, District of Massachusetts (1993-2001)

- Charles J. Stevens, U.S. Attorney, Eastern District of California (1994-1997)

- Carter Stewart, U.S. Attorney, Southern District of Ohio (2009-2016)

- Thomas Strickland, U.S. Attorney, District of Colorado (1999-2001)

- Edward J. Tarver, U.S. Attorney, Southern District of Georgia (2009-2017)

- Lee Thompson, U.S. Attorney, District of Kansas (1990-1993)

- Anne Tompkins, U.S. Attorney, Western District of North Carolina (2010-2015)

- Stanley A. Twardy, Jr., U.S. Attorney, District of Connecticut (1985-1991)

- John W. Vaudreuil, U.S. Attorney, Western District of Wisconsin (2010-2017)

- Benjamin B. Wagner, U.S. Attorney, Eastern District of California (2009-2016)

- Seth P. Waxman, Solicitor General of the United States, U.S. Department of Justice (1997-2001)

- Billy J. Williams, U.S. Attorney, District of Oregon (2015-2021)

- Sally Yates, Acting Attorney General (2017); Deputy Attorney General (2015-2017); U.S. Attorney for the Northern District of Georgia (2010-2015)

### *Attorneys for Amici Curiae*

- John F. Walsh

- Alan Schoenfeld

- David M. Lehn

- Colleen M. Campbell

- Lauren Ige

- Arielle K. Herzberg

- Danielle L. Hartley

_/s/ David M. Lehn_____
DAVID M. LEHN

*Counsel for Amici former high-
ranking U.S. Department of Justice
officials*

Movants, former U.S. Department of Justice officials, respectfully move this Court for leave to file the accompanying 5,197-word amicus curiae brief supporting appellants' motions to stay the district court's order pending appeal.

Movants have requested the consent of all parties. Additionally, while the Federal Rules of Appellate Procedure and the Court's Rules do not specify a word limit for amicus briefs in support of motions to stay, movants asked for consent to 5,200 words out of an abundance of caution. Appellants and intervenor consented in full. Appellees do not oppose movants' filing of this amicus brief, but indicated they oppose "any expanded word limit."

## I. MOVANTS' UNOPPOSED REQUEST FOR LEAVE TO FILE AN AMICUS BRIEF SUPPORTING APPELLANTS' MOTIONS TO STAY

The Federal Rules of Appellate Procedure and the Court's Rules do not address submission of an amicus curiae brief with respect to motions. However, consistent with its inherent authority, the Court, like other circuits, routinely accepts amicus briefs filed in connection with a stay request or similar motions. *See, e.g.*, *In re Abbott*, 800 F. App'x 296 (5th Cir. 2020) (reflecting filing of an amicus brief in connection with a mandamus petition and temporary stay request); *Brooks v. Estelle*, 697 F.2d 586, 588 (5th Cir. 1982) (reflecting that amicus filed a brief and presented argument in connection with an application filed in the Fifth Circuit for a stay of execution); Order, *Stromberg v. Qualcomm Inc.*, Nos. 19-15159 (9th Cir. July 23, 2020), Dkt. 43 (accepting amicus curiae briefs submitted

in support of or opposing the appellant's motion for partial stay of a preliminary injunction pending appeal).

Although Federal Rule of Appellate Procedure 29(a) applies to amicus filings only during a court's consideration of a case on the merits, not in support of a stay, movants here address Rule 29(a)'s two requirements: (a) their interest in this case and (b) "the reason why [their] amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3).

### A.     Movants' Interests

Movants are 55 former high-ranking U.S. Department of Justice officials who served in administrations of both major parties, including U.S. Attorneys General, Deputy Attorneys General, Assistant Attorneys General, and U.S. Attorneys. Movants held responsibility for enforcing federal criminal laws, including the Comstock laws, 18 U.S.C. §§1461-1462, and represented the United States in criminal matters in all levels of the Judiciary around the country. Movants have an interest in ensuring that DOJ remains the agency responsible for prosecuting under the Comstock laws and that the Comstock laws are correctly interpreted. Movants respectfully submit that their participation will aid the Court in understanding the Comstock laws and the proper scope of the Food & Drug Administration ("FDA")'s authority (which does not include consideration of

federal laws like the Comstock laws).  Movants thus request that this Court grant their motion for leave to appear as amici curiae and to accept for filing their brief as lodged.

### B.     Relevance And Desirability Of An Amicus Curiae Brief

This appeal seeks review of the district court's decision to stay various FDA actions regarding mifepristone.  Movants' amicus brief is desirable and relevant to the case because it focuses on the district court's decision with respect to the Comstock laws.  Movants' brief will explain that the district court erroneously assumed that FDA was authorized to consider, interpret, and apply federal criminal laws as part of its new-drug approval process, and gravely misinterpreted the Comstock laws to expand their scope beyond Congress's intent.  As former high-ranking U.S. Department of Justice officials who were tasked with the responsibility for enforcing the Comstock laws, movants are well situated to provide insight into the district court's errors regarding the Comstock laws.

## II.    REQUEST FOR LEAVE TO FILE AN AMICUS BRIEF OF 5,197 WORDS

The Federal Rules of Appellate Procedure and the Court's Rules do not impose a word limit on amicus briefs in support of stays.  Movants propose to file

a brief of 5,197 words. Appellants consent to that length, but appellees have indicated they oppose any expanded word limit.[1]

Movants have good cause to file an amicus brief of 5,197 words. Movants' brief addresses several complex questions of administrative law and statutory interpretation regarding the meaning of the Comstock laws and their relationship to FDA's authority. These questions were central to the district court's ruling and consumed a substantial portion of its opinion. Movants believe their brief will assist the Court in resolving these issues, and that these issues warrant full ventilation given the ruling's profound and startling impact on FDA's authority and duties, and given the seriousness of the district court's errors. Movants have diligently kept their brief to the shortest length necessary to clearly present their most important arguments, while avoiding unnecessary repetition of points already made in the parties' principal briefs.

## CONCLUSION

Accordingly, movants respectfully request that this Court grant leave to file the accompanying 5,197-word amicus curiae brief.

---

[1] Federal Rule of Appellate Procedure 29(a)(5) limits amicus briefs filed during a court's consideration of a case on the merits to one-half the maximum length authorized for the party's principal brief. If applied here, that would limit amicus briefs to 2,600 words. Even if the Court were to extend that rule here, the Court should grant an enlargement for the reasons stated above. *See* Fed. R. App. P. 29(a)(5).

Respectfully submitted,

*/s/ David M. Lehn*

ALAN SCHOENFELD                          DAVID M. LEHN
WILMER CUTLER PICKERING                   WILMER CUTLER PICKERING
   HALE AND DORR LLP                          HALE AND DORR LLP
7 World Trade Center                      2100 Pennsylvania Avenue, NW
250 Greenwich Street                      Washington, DC  20037
New York, NY 10007                        (202) 663-6000
(212) 230-8800

                                          JOHN F. WALSH
LAUREN IGE                                COLLEEN M. CAMPBELL*
WILMER CUTLER PICKERING                   ARIELLE K. HERZBERG
   HALE AND DORR LLP                       DANIELLE L. HARTLEY
350 South Grand Avenue                    WILMER CUTLER PICKERING
Suite 2400                                   HALE AND DORR LLP
Los Angeles, CA 90071                     1225 17th Street
(213) 443-5300                            Suite 2600
                                          Denver, CO 80202
                                          (720) 274-3135


\* *Practice in Colorado temporarily authorized pending admission under C.R.C.P. 205.6*

April 11, 2023

## CERTIFICATE OF COMPLIANCE

This motion contains 888 words in compliance with Rule 27(d)(2)(A). This filing complies with the typeface and typestyle requirements of Rule 27(d)(1)(E), which refers to Rules 32(a)(5) and 32(a)(6), because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word.

*/s/ David M. Lehn*
DAVID M. LEHN

April 11, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system.  Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.


/s/ *David M. Lehn*
DAVID M. LEHN

April 11, 2023