# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

April 13, 2023

Ms. Cynthia Barmore
U.S. Department of Justice
Civil Division, Appellate Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Ms. Jessica Lynn Ellsworth
Hogan Lovells US, L.L.P.
555 13th Street, N.W.
Columbia Square
Washington, DC 20004

Ms. Kaitlyn Golden
Hogan Lovells US, L.L.P.
555 13th Street, N.W.
Columbia Square
Washington, DC 20004

Mr. Marlan Golden
Hogan Lovells US, L.L.P.
555 13th Street, N.W.
Columbia Square
Washington, DC 20004

Ms. Sarah Elaine Harrington
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Mr. Michael S. Raab
U.S. Department of Justice
Civil Division, Appellate Section
950 Pennsylvania Avenue, N.W.
Room 7237
Washington, DC 20530

Mr. Daniel Schwei
U.S. Department of Justice
Civil Division, Federal Programs Branch

1100 L. Street, N.W.
Washington, DC 20005

Ms. Delia Scoville
Hogan Lovells US, L.L.P.
555 13th Street, N.W.
Columbia Square
Suite 10.415c
Washington, DC 20004

Ms. Danielle Desaulniers Stempel
Hogan Lovells US, L.L.P.
555 13th Street, N.W.
Columbia Square
Washington, DC 20004

Ms. Catherine Emily Stetson
Hogan Lovells US, L.L.P.
555 13th Street, N.W.
Columbia Square
Washington, DC 20004

No. 23-10362   Alliance Hippocratic Medicine v. FDA
USDC No. 2:22-CV-223

Dear Ms. Barmore, Ms. Ellsworth, Ms. Golden, Mr. Golden, Ms. Harrington, Mr. Raab, Mr. Schwei, Ms. Scoville, Ms. Stempel, Ms. Stetson,

In light of the court order of April 12, 2023 granting the motion to expedite the above captioned appeal, please adhere to the following expedited briefing schedule.

- Appellants brief is due on or before 04/26/2023
- Appellees brief is due on or before 05/08/2023
- Appellants reply brief is due on or before 05/12/2023

Paper copies of the briefs and record excerpts must be sent by overnight delivery to the Clerk's Office.

Oral argument will take place in person, in New Orleans, on May 17, at 1:00 pm CT. Oral argument is extended to 40 minutes per side. A copy of the court's printed calendar indicating the exact date and time of the hearing will be provided prior to the hearing date. Please adhere to the expedited briefing schedule without requesting extensions in order to ensure the availability of the briefs to the court prior to oral argument.

Record Excerpts: 5TH CIR. R. 30.1.7(c) provides that the electronic PDF version of the record excerpts should contain pages representing the "tabs" identified in the index of the document. However, we remind attorneys that the actual paper copies of record

excerpts filed with the court must contain actual physical tabs that extend beyond the edge of the document, to facilitate easy identification and review of tabbed documents.

Brief Covers: THE CASE CAPTION(S) ON BRIEF COVERS MUST BE EXACTLY THE SAME AS THE CASE CAPTION(S) ON THE ENCLOSED TITLE CAPTION SHEET(S). YOU WILL HAVE TO CORRECT ANY MODIFICATIONS YOU MAKE TO THE CAPTION(S) BEFORE WE SUBMIT YOUR BRIEF TO THE COURT.

Dismissal of Appeals: The clerk may dismiss appeals without notice if you do not file a brief on time, or otherwise fail to comply with the rules.

Appearance Form: If you have not electronically filed a "Form for Appearance of Counsel," you must do so within 14 days of this date. You must name each party you represent, See **FED. R. APP. P.** and **5TH CIR. R.** 12. The form is available from the Fifth Circuit's website, www.ca5.uscourts.gov.

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

**Guidance Regarding Citations in Pleadings.**

**5TH CIR. R.** 28.2.2 grants the Clerk the authority to create a standard format for citation to the electronic record on appeal. You must use the proper citation format when citing to the electronic record on appeal.

  A. In single record cases, use the short citation form, "ROA" followed by a period, followed by the page number. For example, "ROA.123."

  B. For multiple record cases, cite "ROA" followed by a period, followed by the Fifth Circuit appellate case number of the record referenced, followed by a period, followed by the page of the record. For example, "ROA.13-12345.123.".

  C. Please note each individual citation must end using a termination of a period (.) or semicolon (;).

Brief Template: The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief. To access

these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

**<u>Reminder as to Sealing Documents on Appeal:</u>** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court.  Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.  An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

*Lisa E. Ferrara*

By: _____
Lisa E. Ferrara, Deputy Clerk
504-310-7675

Enclosure(s)

cc w/encl:

Case No. 23-10362

Alliance for Hippocratic Medicine; American Association of Pro-Life Obstetricians & Gynecologists; American College of Pediatricians; Christian Medical & Dental Associations; Shaun Jester, D.O.; Regina Frost-Clark, M.D.; Tyler Johnson, D.O.; George Delgado, M.D.,

   Plaintiffs - Appellees

v.

U.S. Food & Drug Administration; Robert M. Califf, Commissioner of Food and Drugs; Janet Woodcock, M.D., in her official capacity as Principal Deputy Commissioner, U.S. Food and Drug Administration; Patrizia Cavazzoni, M.D., in her official capacity as Director, Center for Drug Evaluation and Research, U.S. Food and Drug Administration; United States Department of Health and Human Services; Xavier Becerra, Secretary, U.S. Department of Health and Human Services,

   Defendants - Appellants

v.

Danco Laboratories, L.L.C.,

   Intervenor - Appellant