No. 23-10362

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

ALLIANCE FOR HIPPOCRATIC MEDICINE, ET AL.,

*Plaintiffs-Appellees*,

v.

U.S. FOOD AND DRUG ADMINISTRATION, ET AL.,

*Defendants-Appellants*.

v.

DANCO LABORATORIES, L.L.C.,

*Intervenor-Appellant*.

---

On Appeal from the United States District Court
for the Northern District of Texas, Amarillo Division
No. 2:22-CV-00223-Z, The Honorable Matthew J. Kacsmaryk, Judge Presiding

---

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF
THE ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS
EDUCATIONAL FOUNDATION AS AMICUS CURIAE
IN SUPPORT OF PLAINTIFFS-APPELLEES AND FOR AFFIRMANCE**

Andrew L. Schlafly
Attorney at Law
939 Old Chester Rd.
Far Hills, NJ 07931
(908) 719-8608
(908) 934-9207 (fax)
aschlafly@aol.com

Counsel for *Amicus Curiae*

# CERTIFICATE OF INTERESTED PERSONS

The case number here is No. 23-10362, *Alliance for Hippocratic Medicine, et al. v. U.S. Food and Drug Administration, et al.*

*Amicus Curiae* Association of American Physicians and Surgeons Educational Foundation is a non-profit corporation that has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

Pursuant to the fourth sentence of Circuit Rule 28.2.1, the undersigned counsel of record certifies that the parties' and amici's list of persons and entities having an interest in the outcome of this case is complete, to the best of the undersigned counsel's knowledge, with the following additions:

    *Amicus Curiae* Association of American Physicians and Surgeons

        Educational Foundation,

    Andrew L. Schlafly, counsel for *Amicus Curiae*

These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Dated: May 10, 2023

        /s/ Andrew L. Schlafly
        Andrew L. Schlafly
        *Counsel for Association of American Physicians and Surgeons Educational Foundation*

Pursuant to FED. R. APP. PROC. 29, the Association of American Physicians and Surgeons Educational Foundation requests leave to file its accompanying *amicus curiae* brief in support of Plaintiffs-Appellees and in support of affirmance of the decision below. This motion is unopposed for this filing, as counsel of record for all of the parties have expressly informed the undersigned counsel.

## I. IDENTITY AND INTEREST OF *AMICUS CURIAE*.[1]

*Amicus curiae* Association of American Physicians and Surgeons Educational Foundation ("AAPS") was founded 1996. It is a non-profit organization headquartered in Tucson, Arizona, and incorporated under the laws of that state. AAPS co-sponsors medical education conferences where medical information is presented to and discussed among physicians, including medical students, and AAPS is at the forefront of developments in the medical field. Amicus AAPS is informed by the many experts who speak at its conferences and share the latest information on medical-related issues. AAPS itself is a litigant in federal court within this Fifth Circuit. *See Ass'n of Am. Phys. & Surgs. Ed. Fdn. v. ABIM, et al.*, 3:22-cv-00240 (S.D. Tex.).

---

[1] Pursuant to FED. R. APP. P. 29(a)(4)(E), undersigned counsel certifies that: counsel for the *Amicus* AAPS authored this motion and brief in whole; no counsel for a party authored this motion and brief in any respect; and no person or entity – other than *Amicus* AAPS, its members, and its counsel – contributed monetarily to this brief's preparation or submission.

1

AAPS has an interest in medical disputes at issue in this case, and the governing legal doctrines that are at stake here. Multiple medical groups have filed amicus briefs in support of Appellants, to which AAPS responds here. Moreover, AAPS has an interest in averting any misperception that the medical profession is aligned with the FDA and its decision-making here.

Accordingly, AAPS has direct and vital interests in this matter.

## II.    AUTHORITY TO FILE THE *AMICUS CURIAE* BRIEF OF AAPS.

As now-Justice Samuel Alito observed while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, *Federal Appeals – Jurisdiction and Practice* 181 (3d ed. 1999) and Robert L. Stern, *Appellate Practice in the United States* 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise for the statement that "'[e]ven when the other side refuses to consent to an *amicus* filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned.'" 293 F.3d at 133.

This motion for leave to file an *amicus* brief is timely because it is filed (along with the accompanying brief) well within seven days of the filing of the brief of

Appellees, whom this brief supports.

### III. REASONS WHY THIS *AMICUS CURIAE* BRIEF IS DESIRABLE AND WHY THE MATTERS ASSERTED ARE RELEVANT TO THE DISPOSITION OF THIS CASE.

The accompanying *amicus curiae* brief by AAPS will be beneficial to this Court's resolution of the issues raised for the following reasons, as more fully explained in the accompanying brief:

First, only Congress and the States can properly decide this major question, and the FDA imperils federalism by trying to dictate abortion policy nationwide. Pregnancy is not an illness, and the FDA is not entitled to any deference as it pretends otherwise.

Second, if this is the first ever judicial invalidation of an FDA drug approval, then this is overdue and similar invalidations of harmful new transgender drugs may be needed next. Improper approvals by the FDA should be reviewable in court, and the predictions of a catastrophe if the decision below is affirmed are absurd.

Third, post-*Roe v. Wade* the Executive Branch should negotiate with Congress and the objecting states for a political resolution to this contentious dispute. Such a negotiation would be facilitated by an affirmance of the decision below.

## CONCLUSION

The accompanying *amicus curiae* brief would aid this Court with respect to the foregoing points of argument. Accordingly, movant AAPS respectfully requests leave to file the accompanying *amicus curiae* brief.

Respectfully submitted,

/s/ Andrew L. Schlafly

Andrew L. Schlafly
Attorney at Law
939 Old Chester Rd.
Far Hills, NJ 07931
Phone: (908) 719-8608
Fax: (908) 934-9207
Email: aschlafly@aol.com

Dated: May 10, 2023

*Counsel for Amicus Curiae Association of American Physicians and Surgeons Educational Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 10, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the Appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

s/ Andrew L. Schlafly
Andrew L. Schlafly
*Counsel for Amicus Curiae
Association of American Physicians
and Surgeons Educational
Foundation*

## CERTIFICATE OF COMPLIANCE

1. This motion has been prepared using 14-point, proportionately spaced, serif typeface, in Microsoft Word.

2. This motion complies with word-length requirements because it contains a total of 719 words, excluding material properly not to be counted.

Dated: May 10, 2023

s/ Andrew L. Schlafly
Andrew L. Schlafly
*Counsel for Association of American
Physicians and Surgeons Educational
Foundation*
