No. 23-10362

# United States Court of Appeals for the Fifth Circuit

ALLIANCE FOR HIPPOCRATIC MEDICINE, ET AL.,

*Plaintiffs-Appellees*,

v.

FOOD & DRUG ADMINISTRATION, ET AL.,

*Defendants-Appellants*,

v.

DANCO LABORATORIES, L.L.C.,

*Intervenor-Appellant*.

On Appeal from the United States District Court for the
Northern District of Texas, Amarillo Division
No. 2:22-cv-00223-Z, Hon. Matthew J. Kacsmaryk

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AND EXCEED WORD LIMIT OF *AMICUS CURIAE* CHARLOTTE LOZIER INSTITUTE IN SUPPORT OF APPELLEES**

Gene C. Schaerr
  *Counsel of Record*
Cristina Martinez Squiers
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*Counsel for* Amicus Curiae
*Charlotte Lozier Institute*

MAY 12, 2023

# CERTIFICATE OF INTERESTED PERSONS

No. 23-10362
*Alliance for Hippocratic Medicine, et al. v. Food & Drug Administration, et al. v. Danco Laboratories, L.L.C.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.1.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. <u>Plaintiffs-Appellees</u>:

   Alliance for Hippocratic Medicine
   American Association of Pro-Life Obstetricians & Gynecologists
   American College of Pediatricians
   Christian Medical & Dental Associations
   Shaun Jester, D.O.
   Regina Frost-Clark, M.D.
   Tyler Johnson, D.O.
   George Delgado, M.D.

2. <u>Counsel for Plaintiffs-Appellees</u>:

   Alliance Defending Freedom
   Erik Christopher Baptist
   Denise Harle
   Erica Steinmiller-Perdomo
   Erin Morrow Hawley
   Julie Marie Blake
   Matthew S. Bowman
   Morgan Williamson LLP
   Christian D. Stewart

3. <u>Defendants-Appellants</u>:

   U.S. Food and Drug Administration

   Robert M. Califf, M.D., in his official capacity as Commissioner of Food and Drugs, U.S. Food and Drug Administration

   Janet Woodcock, M.D., in her official capacity as Principal Deputy Commissioner, U.S. Food and Drug Administration

   Patrizia Cavazzoni, M.D., in her official capacity as Director, Center for Drug Evaluation and Research, U.S. Food and Drug Administration

   U.S. Department of Health and Human Services

   Xavier Becerra, in his official capacity as Secretary, U.S. Department of Health and Human Services

4. <u>Counsel for Defendants-Appellants</u>:

   U.S. Department of Justice
   Noah T. Katzen
   Christopher A. Eiswerth
   Daniel Schwei
   Emily Brooke Nestler
   Julie Straus Harris
   Kate Talmor

5. <u>Intervenor-Appellant</u>:

   Danco Laboratories, LLC
   Danco Investors Group, LP

6. <u>Counsel for Intervenor-Appellant</u>:

   Hogan Lovells US LLP
   Jessica L. Ellsworth

Catherine E. Stetson
Philip Katz
Lynn W. Mehler
Kaitlyn A. Golden
Danielle Desaulniers Stempel
Marlan Golden
Delia Scoville
Ryan Brown Attorney at Law
Ryan Patrick Brown

7. *Amicus Curiae*:

   Charlotte Lozier Institute

8. Counsel for *Amicus Curiae*:

   Gene C. Schaerr, Esq.
   Cristina Martinez Squiers, Esq.
   SCHAERR | JAFFE LLP

In accordance with Federal Rule of Appellate Procedure 26.1, *amicus curiae* Charlotte Lozier Institute states that it is not publicly traded and has no parent corporations. No publicly traded corporation owns 10% or more of *amicus*. The legal name of *amicus* Charlotte Lozier Institute is the Susan B. Anthony List Inc. Education Fund, a 501(c)(3) charitable nonprofit that is separate from the Susan B. Anthony List Inc., a 501(c)(4) social-welfare entity.

*/s/ Gene C. Schaerr*
Gene C. Schaerr

*Counsel of Record for*
Amicus Curiae
*Charlotte Lozier Institute*

Pursuant to Federal Rules of Appellate Procedure 27 and 29 and Circuit Rules 27 and 29, Charlotte Lozier Institute (CLI) hereby respectfully moves the Court for leave to file the accompanying *amicus curiae* brief, and to do so in excess of the word limit, in support of Appellees. The motion should be granted for several reasons.

First, CLI requests the Court grant it leave to file the accompanying brief. The general rule is that an "amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.)). That is amply true here.

CLI certainly possesses both "unique information" and a "perspective" that can help the Court beyond that provided by the parties' lawyers. CLI is a nonprofit research and education organization committed to bringing modern science to bear in life-related policy and legal decision-making. To accomplish this mission, CLI engages in groundbreaking scientific, statistical, and medical research about abortion, including chemical abortion. As a result of this expertise, CLI

is uniquely suited to address the issue of chemical abortion in this case from a scientific, medical, and economic perspective.

CLI also has an extensive network of scholars—over 70 Associate Scholars in all—who are experts in medicine, statistical analysis, sociology, science, bioethics, public health, law, and social services for women and family. And CLI has leveraged this network to provide important insights in many significant abortion cases. In fact, CLI's research on abortion was cited in 17 *amicus* briefs submitted to the Supreme Court in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022).

CLI's *amicus* brief in this Court reflects that extensive body of scholarly expertise. And the brief presents the results of that expertise in a way that does not unduly repeat the parties' arguments.

Second, pursuant to Federal Rule of Appellate Procedure 27(d)(2), CLI respectfully moves the Court for leave to file a brief as *amicus curiae* exceeding 6,500 words. The Court should exercise its discretion to allow CLI to exceed the word limit, as this lawsuit is the first of its kind and involves the scientific basis for the FDA's regulation of chemical abortion drugs over the last 23 years. Indeed, the Court has already permitted

2

Appellees and Appellants to file briefs in excess of the word limits due to the complex nature of this case. ECF No. 299-2.

Finally, CLI's motion is unopposed: Appellees consent to the requested relief, and Appellants and Intervenor-Appellant have stated that they consent to the filing of CLI's *amicus* brief and take no position on the request to file a brief in excess of the word limit.

## CONCLUSION

For the foregoing reasons, CLI respectfully requests that the Court permit it to file a brief as *amicus curiae* of 10,173 words (excluding those portions exempted under Rule 32(a)(7)) in support of Appellees and in opposition to Appellants.

May 12, 2023

Respectfully submitted,

*/s/ Gene C. Schaerr*
Gene C. Schaerr
  *Counsel of Record*
Cristina Martinez Squiers
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
gschaerr@schaerr-jaffe.com

*Counsel for* Amicus Curiae
*Charlotte Lozier Institute*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 5th Cir. R. 25.2.5, I hereby certify that on May 12, 2023, I filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF system; service on counsel for all parties was accomplished by electronic mail or by service through the Court's electronic filing system.

*/s/ Gene C. Schaerr*
Gene C. Schaerr

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 8, 2023, Cristina Squiers, counsel for *Amicus Curiae* Charlotte Lozier Institute, conferred by email with Erik Baptist, counsel for Appellees, Sarah Harrington, counsel for Appellants, and Jessica Ellsworth, counsel for Intervenor-Appellant, about the foregoing motion. Appellees consent to the relief requested in this motion. And Appellants and Intervenor-Appellant have stated that they consent to the filing of CLI's *amicus* brief and take no position on the request to file a brief in excess of the word limit.

*/s/ Gene C. Schaerr*
Gene C. Schaerr

Dated: May 12, 2023

# CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the type volume limitation of Fed. R. App. P. 27 because it contains 517 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Office 2016 in 14-point Century Schoolbook font.

Additionally, I certify that (1) any required redactions have been made in compliance with 5th Cir. R. 25.2.13; and (2) the document has been scanned with the most recent version of Microsoft Defender virus detector and is free of viruses.

Dated: May 12, 2023

*/s/ Gene C. Schaerr*
Gene C. Schaerr